IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY LAPIN,<br><br>　　Plaintiff,<br>　v.<br><br>FACEBOOK, INC., et al.<br><br>　　Defendants. | No. C-12-3195 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS; DENYING PLAINTIFFS' MOTION TO REMAND** |
| VERNON R. DEMOIS, JR.,<br><br>　　Plaintiff,<br>　v.<br><br>FACEBOOK, INC., et al.,<br><br>　　Defendants. | No. C-12-3196 MMC |
| DARRYL LAZAR,<br><br>　　Plaintiff,<br>　v.<br><br>FACEBOOK, INC., et al.,<br><br>　　Defendants. | No. C-12-3199 MMC |
| EDWARD SHIERRY,<br><br>　　Plaintiff,<br>　v.<br><br>FACEBOOK, INC., et al.,<br><br>　　Defendants. | No. C-12-3200 MMC |

| | |
|---|---|
| KAREN CUKOR, et al., | No. C-12-3201 MMC |
|     Plaintiffs, | |
|   v. | |
| FACEBOOK, INC., et al., | |
|     Defendants. | |
| MICHAEL LIEBER, | No. C-12-3202 MMC |
|     Plaintiff, | |
|   v. | |
| FACEBOOK, INC., et al., | |
|     Defendants. | |
| JENNIFER STOKES, | No. C-12-3203 MMC |
|     Plaintiff, | |
|   v. | |
| FACEBOOK, INC., et al. | |
|     Defendants. | |

Before the Court are defendants' motion for a stay of proceedings, filed June 21, 2012 in each of the above-titled cases, and plaintiffs' motion to remand, filed June 22, 2012 in each of the above-titled cases.[1] The motions have been fully briefed. Having read and considered the parties' respective written submissions,[2] the Court rules as follows.

**A. Motion for Stay of Proceedings**

Defendants seek a stay of proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on defendants' motion to transfer the above-titled seven actions, along with other actions filed in this District and in other Districts, to the Southern District of New York for consolidated proceedings; the motion to transfer is scheduled to be

---

[1] Each of the motions for a stay is, in all material respects, identical; each of the motions to remand is, in all material respects, identical.

[2] By order filed August 7, 2012, the Court took the matters under submission.

2

heard by the JPML on September 20, 2012.  Other than the instant motion for a stay, the only matter pending in the above-titled seven actions is plaintiffs' motion to remand. Accordingly, with regard to defendants' motion, the issue before the Court is, in effect, whether this Court should consider the merits of plaintiffs' motion for remand or whether, assuming the JPML transfers the above-titled cases, the motion for remand should be heard by the transferee court.  The Court next addresses that issue.

First, defendants have failed to identify any prejudice they would incur should the motion to remand be heard at this time, rather than at some date in the future.  See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (holding district courts, when considering motion to stay proceedings during pendency of JPML proceeding, should consider whether parties would be prejudiced by stay or lack thereof).  Further, the motion to remand presents an issue of statutory interpretation unlikely to be raised in any of the other cases defendants have proposed for consolidation before the Southern District of New York, and, consequently, a stay is unnecessary to "avoid[ ] duplicative litigation if the cases are in fact consolidated."   See id.   Indeed, as the Manual for Complex Litigation notes, "matters such as motions . . . to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the [JPML] acts on the motion to transfer."  See Manual for Complex Litigation (Fourth), § 20.131 (2004).

Accordingly, the Court will deny the motion to stay and will address the motion to remand at this time.

**B. Motion to Remand**

Each of the above-titled cases is a putative class action brought exclusively under the Securities Act of 1933 ("1933 Act").  Consequently, each such action could have been filed originally in federal court.  See 28 U.S.C. § 1331 (providing district courts with original jurisdiction over civil actions arising under laws of United States).  Where, as here, the district courts have "original jurisdiction" over a complaint, the complaint may be removed "[e]xcept as otherwise expressly provided by Act of Congress."  See 28 U.S.C. § 1441(a). In the instant motion, plaintiffs, citing 15 U.S.C. § 77v(a), contend such a statutory

3

exception exists with respect to removal of complaints alleging claims brought under the 1933 Act.

It is undisputed that, prior to November 3, 1998, § 77v(a) prohibited a defendant from removing any complaint, whether brought as an individual or class action, alleging claims under the 1933 Act.  See 15 U.S.C. § 77v(a) (effective to November 2, 1998) (providing, "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.").  As of November 3, 1998, however, § 77v(a) was amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), and the parties disagree as to whether, in light of the 1998 amendments, class actions arising under the 1933 Act are now removable.[3]  Neither the Supreme Court nor any Circuit Court of Appeals has determined whether, under SLUSA, a defendant may remove from state court a class action complaint alleging claims brought under the 1933 Act.[4]  A number of district courts, however, have considered the issue, and have come to differing conclusions.  See, e.g., West Palm Beach Police Pension Fund v. Cardionet, Inc., 2011 WL 1099815, *2 (S.D. Cal. 2011) (holding SLUSA only allows for removal of class actions alleging securities fraud under state law; granting motion to remand class action complaint brought under 1933 Act); Knox v. Agria Corp., 613 F. Supp. 419, 425 (S.D. N.Y. 2009) (holding class action alleging securities fraud removable whether based on 1933 Act or state law).

//
//

---

[3] It is undisputed that SLUSA does not provide for removal of individual actions, whether based on the 1933 Act or state law.

[4] Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006) and Madden v. Cowen & Co., 576 F.3d 957 (9th Cir. 2009), cited by plaintiffs, addressed the provisions of SLUSA allowing removal of class actions alleging claims brought under state law.  Although Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), also cited by plaintiffs, addressed the removeability of a class action complaint alleging claims brought under the 1933 Act, the Ninth Circuit did not consider SLUSA, because the parties thereto "agree[d]" that SLUSA was not applicable in light of the type of security at issue therein.  See id. at 1033 n.1.

4

Having read and considered the decisions cited by the parties that have addressed the issue, the Court, without endeavoring herein to repeat in its entirety the analysis set forth in Knox, finds the reasoning of that decision to be persuasive.

As noted in Knox, Congress, in 1995, enacted the Private Securities Litigation Reform Act ("PSLRA") "to prevent 'strike suits' – meritless class actions that allege fraud in [the] sale of securities," see Knox, 613 F. Supp. 2d at 421 (internal quotation and citation omitted), and, in 1998, enacted SLUSA to "correct the perceived failure of the PSLRA to curb abuses of federal securities fraud litigation," see id.  In particular, SLUSA sought to strengthen the PSLRA by enacting "national standards for securities class action lawsuits involving nationally traded securities," see PL 105-353, Sec. 2(5), codified as Note to 15 U.S.C. § 78a, and, as discussed below, did so by limiting jurisdiction over "covered class actions" alleging securities fraud, see 15 U.S.C. § 77p(f)(2)(A) (defining "covered class action").[5]

First, SLUSA precludes both state and federal courts from hearing any "covered class action" brought under state or common law and based on an "untrue statement or omission of a material fact" made, or a "manipulative or deceptive deceit" used, in connection with the purchase or sale of a security.  See 15 U.S.C. § 77p(b).[6]  In other words, covered class actions alleging securities fraud now may be brought only under federal law.  Second, SLUSA amended § 77v to exempt such covered class actions from

//

---

[5] SLUSA defines "covered class action" as including a lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."  See 15 U.S.C. § 77p(f)(2)(A)(i).  Here, plaintiffs, in each of the above-titled actions, seek to recover damages for themselves and others similarly situated, based on the same alleged omissions/misrepresentations made in connection with the sale of a nationally traded security.  Accordingly, each of the above-titled actions is a "covered class action."

[6] Section 77p(c) further provides that a defendant may remove any such class action from state to federal court, where it must be dismissed as precluded by SLUSA. See 15 U.S.C. § 77p(c); Kircher, 547 U.S. at 644 (holding where removed state law claim is precluded by SLUSA, "the proper course is to dismiss").

§ 77v's concurrent jurisdiction provision. See 15 U.S.C. 77v(a).[7] As a result, "federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims." See Knox, 613 F. Supp. 2d at 425; see also California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86, 98 (2nd Cir. 2004) (stating, as dictum, "SLUSA . . . made federal court the exclusive venue for class actions alleging fraud in the sale of certain securities").

As recognized in Knox, and as this Court finds, the effect of the above-referenced amendments is that the non-removal provision in § 77v(a), on which plaintiffs rely,[8] no longer applies to a "covered class action" alleging claims under the 1933 Act, and, consequently, a class action brought under the 1993 Act is removable pursuant to 28 U.S.C. § 1441(a). See id. at 421, 425.[9] Such interpretation is further supported by the available legislative history. See H.R. Conf. Rep. 105-802, at 13 (1998) ("The purpose of this title [SLUSA] is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."); see also Michael Serota, (Mis)interpreting SLUSA: Closing the Jurisdictional Loophole in Federal Securities Class Actions, 7 Berkeley Bus. L.J. 162 (2010) (citing Knox and agreeing with analysis therein).

Accordingly, plaintiffs' motion to remand will be denied.

//

---

[7] As amended, § 77v(a), inter alia, provides: "The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." See 15 U.S.C. § 77v(a) (emphasis added).

[8] The language on which plaintiffs rely reads as follows: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States" See 15 U.S.C. § 77v(a) (emphasis added).

[9] As noted above, there is no dispute that the provision continues to bar removal of individual actions alleging claims under the 1933 Act.

6

## CONCLUSION

For the reasons stated above, defendants' motion to stay is hereby DENIED, and plaintiffs' motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2012

MAXINE M. CHESNEY
United States District Judge